UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS T. CUTLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-477-RLM-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Curtis T. Cutler, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing in which a disciplinary hearing officer found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction Policy B-202 on April 5, 2017. He was sanctioned with the loss of 45 days earned credit time and a suspended one-step demotion in credit class. The case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy the due

process clause, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. Cutler presents a number of grounds he claims entitle him to habeas corpus relief.

First, Mr. Cutler asserts that the hearing officer didn't have sufficient evidence to find him guilty. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Cutler was found guilty of offense B-202, which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The conduct report charged Mr. Cutler as follows:

> On 3-12-17 at approximately 8:00 p.m. in GHU Sgt. J. Morgan and I (Sgt. J. Evans) searched cell G-141/142. During the search, I noticed that the caps of two vitamin bottles had been tampered with. I checked under the caps and found 12 orange in color strips believed to be [S]uboxone under one and 1 unknown substance rolled in paper that has been partially smoked believed to be K2 under the second cap. The vitamin[] bottles were in the shelving area of Offender Cutler. After the search was complete I questioned the offenders assigned to G-141/142 and Offender Cutler, Curtis 120754 of G-141 claimed that the vitamin bottles belonged to him and stated he did not know anything about the items found under the caps. Offender Cutler was identified by his state issued ID card.

ECF 7-1 at 1.

Sergeant Morgan also provided the following statement:

> On 3-12-17 at approximately 8:00 pm, I, Sergeant J. Morgan was assisting Sergeant J. Evans in a cell search of GHU-141/142. During the search Sergeant Evans was searching the shelving unit of Offender Cutler, Curtis DOC# 120754 when she located two vitamin bottles that [sic] with altered tops. After taking the tops off the bottles she located a hand rolled, partially smoked paper that was believed to [be] filled with K2. The second bottle had 12 orange strips of paper that are believed to be [S]uboxone.

ECF 7-2 at 1.

3

In assessing the evidence, the hearing officer determined there was enough evidence in the record to find Mr. Cutler guilty of possessing controlled substances. A conduct report alone can be enough to support a finding of guilt, McPherson v. McBride, 188 F.3d at 786, and it was enough in Mr. Cutler's case. In the conduct report, Sergeant Evans detailed her search of Mr. Cutler's cell, where she found 12 orange-colored strips she believed to be Suboxone hidden in the cap of one vitamin bottle and one unknown substance rolled in paper and partially smoked she believed to be K2 (synthetic marijuana) hidden in the cap of a second vitamin bottle. She also documented Mr. Cutler's admission that the vitamin bottles belonged to him although he said he didn't know anything about anything under the caps. Sergeant Morgan, who assisted Sergeant Evans with the search, provided a statement detailing the discovery of the controlled substances in the tampered caps of the two vitamin bottles found in Mr. Cutler's cell. Photographic evidence of the two vitamin bottles, tampered bottle caps, and confiscated controlled substances corroborates the conduct report. In light of Sergeant Evans's discovery of the Suboxone and K2 in the caps of the vitamin bottles in the shelving area of Mr. Cutler's cell along with the photographic evidence, Sergeant Morgan's statement, and Mr. Cutler's admission that the bottles belonged to him, there was more than "some evidence" for the DHO to conclude that Cutler possessed controlled substances.

Nevertheless, Mr. Cutler contends there is insufficient evidence to find him guilty because, he now claims, he didn't possess the bottles in which the controlled substances were found. The DOC defines possession as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment." The Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf. Because the controlled substances were found in the tampered caps of two vitamin bottles located in the "shelving area" of Mr. Cutler's cell, an area in his quarters and under his physical control, it wasn't unreasonable or arbitrary for the hearing officer to find that Mr. Cutler possessed the controlled substances.

Mr. Cutler next claims that Sergeant Evans lied in her conduct report. He claims that "[a]t no time during or after the cell search did [he] state that the

5

bottles were [his vitamin bottles]." Mr. Cutler isn't entitled to habeas corpus relief on the basis that Sergeant Evans allegedly falsified facts or lied when she reported Cutler's "claim[] that the vitamin bottles belonged to him." "[P]risoners are entitled to be free from arbitrary actions of prison officials." McPherson v. McBride, 188 F.3d at 787. Mr. Cutler cites to no credible evidence and provides no argument from which he bases his contention that Sergeant Evans falsified facts or lied in the conduct report. And "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, the protections to which Mr. Cutler was entitled are the protections afforded by Wolff, and his claim that Sergeant Evans falsified facts doesn't itself entitle him to federal habeas corpus relief.

Mr. Cutler further contends there is insufficient evidence to find him guilty because Offender Clinton Thacker produced two written statements in which he acknowledged the vitamin bottles belonged to him. Offender Thacker stated that when he went into Mr. Cutler's cell to get a bar of soap from him, he put two pill bottles in his "cubby hole." Mr. Cutler is asking the court to reweigh the evidence, but that isn't the court's role. McPherson v. McBride, 188 F.3d at 786 (a court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). The court's role is to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id.* The conduct report details Sergeant Evans's discovery of the vitamin bottles

6

containing Suboxone and K2 in the shelving area of Mr. Cutler's cell, which is corroborated by photographic evidence and Sergeant Morgan's statement. Hill v. Supt., 472 U.S. at 456-457 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). And Mr. Cutler explicitly told Sergeant Evans that the "vitamin bottles belonged to him." The hearing officer's finding was neither arbitrary nor unreasonable in light of the facts presented in this case; the hearing officer had sufficient evidence to find Mr. Cutler guilty of offense B-202.

Mr. Cutler acknowledges in his traverse that he didn't bring his ineffective lay advocate claim in his original appeal, which means he didn't exhaust his claim and it is procedurally defaulted. Nevertheless, 28 U.S.C. § 2254(b)(2) permits courts to deny a petition for habeas corpus on the merits even if the petitioner failed to exhaust his state court remedies. The court does so here.

Mr. Cutler asserts that his lay advocate was ineffective because he "did not read [his] case or talk it over with [him] at all." Mr. Cutler says his lay advocate stated that "he [was] not there to help [him] with [his] case [but was] only [t]here to make sure [his] due process rights were not violated." A lay advocate is only required when the inmate is illiterate or the issues in a case are complex. Wolff v. McDonnell, 418 U.S. at 570; see also Miller v. Duckworth, 963 F.2d 1002 (7th Cir. 1992). Mr. Cutler's well-drafted petition and traverse shows that he isn't illiterate. Mr. Cutler obtained his General Educational Development (GED) Certificate of

Achievement less than five years ago while incarcerated. He has also completed a Literacy and Life Skills program. Both achievements required Mr. Cutler to demonstrate proficiency in reading and writing and he received an additional 183 days of credit time for each achievement. ECF 9 at 1-2, ECF 7-13 at 3, ECF 7-14 at 2-6. As a final point, this case was not complex. Mr. Cutler clearly understands the facts of what happened and is capable of explaining why he doesn't think he should have been found guilty. Mr. Cutler wasn't entitled to a lay advocate, but one was provided to him. Mr. Cutler's displeasure with his lay advocate's performance and lack of help in preparing his case doesn't amount to a due process violation.

If Mr. Cutler wants to appeal this order, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES Curtis T. Cutler's petition for writ of habeas corpus and DIRECTS the clerk to close this case.

SO ORDERED on September 18, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT